IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05484-PAB

BHUPENDER SINGH NONE,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility,
DAVID J. VENTURELLA, Acting Director of Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Attorney General of the United States,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Bhupender Singh None's Verified Petition for Habeas Corpus [Docket No. 1]. Respondents filed a response, Docket No. 5, and petitioner filed a reply. Docket No. 6.

## I. BACKGROUND[1]

Petitioner is a native and citizen of India. Docket No. 1 at 7, ¶ 31. Petitioner entered the United States without inspection on May 13, 2024. *Id.*, ¶ 32. Following his entry, immigration authorities detained petitioner. *Id.*, ¶ 33. The Department of Homeland Security released petition on his own recognizance, subject to conditions of supervision. *Id.*, ¶ 34. As part of his release, petitioner was required to participate in the Alternatives to Detention ("ATD") program and report periodically to Immigration and

---

[1] The following facts are undisputed unless otherwise noted.

Customs Enforcement ("ICE"). *Id.*, ¶ 35. Petitioner complied with the conditions of his release. *Id.* at 7-8, ¶¶ 36-37. Petitioner has no criminal history. *Id.* at 8, ¶ 42. On October 15, 2026, petitioner, while working as a commercial truck driver, was stopped by highway patrol officers. *Id.*, ¶ 44. Petitioner was not informed of any basis for the traffic stop. *Id.*, ¶ 45. During the traffic stop, petitioner was asked about his immigration status. *Id.* at 9, ¶ 47. Petitioner provided his commercial driver's license and valid employment authorization documentation. *Id.*, ¶ 48. The officers who conducted the traffic stop contacted ICE about petitioner's immigration status. *Id.*, ¶ 49. Upon arrival, ICE officers took petitioner into immigration custody without informing him of any violation of his existing conditions of release. *Id.*, ¶ 54. When petitioner asked why he was arrested, ICE officers did not identify any violation of his release conditions, failure to attend an appointment, criminal offense, or other individualized reason warranting his re-detention. *Id.*, ¶¶ 57-58.

On October 25, 2026, petitioner filed a petition for writ of habeas corpus. *See generally id.* Among other things, petitioner argues that his re-detention violates his due process rights. *Id.* at 19-25, ¶¶ 103-139. On November 9, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 5 at 1-2. Respondents state that, if the Court grants the habeas petition, the appropriate relief would be to order petitioner's release from custody. *Id.* at 2. On November 9, 2026, petitioner filed a reply. Docket No. 6.

## II. ANALYSIS

The Court considers petitioner's due process claim. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was previously released. In releasing petitioner, the respondents necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not state why petitioner's release was revoked. *See generally* Docket No. 5. Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of

erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest." *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). The Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge,* 2026

WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary. They also do not contend that petitioner is a flight risk or danger to the community or provide a reason for the revocation of petitioner's release. Thus, the Court will grant the habeas petition and order petitioner's immediate release with the same conditions of release that were imposed during petitioner's initial release.[2] *See Perez-Cifuentes*, 2026 WL 1733489, at *3, *5 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination" and ordering that respondents may "not impose any additional restrictions" on petitioner) (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger" and ordering that respondents "may not impose any conditions of release or supervision that were not imposed in the original grant of parole") (internal quotation

[2] Because the Court will grant the habeas petition on the basis that respondents violated petitioner's due process rights, it will not consider petitioner's other claims.

and citation omitted); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Bhupender Singh None's Verified Petition for Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order pursuant to the conditions of petitioner's initial release. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 10, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge